| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**SCOTT E. TANNE, ESQ., P.C.**<br>70 Bloomfield Ave., Suite 203<br>Pine Brook, NJ 07058<br>(973) 701-1776<br>Fax: (973) 701-0111<br>Scott E. Tanne, Esq.<br>ST2477<br>**Attorney for the Debtor(s)** | Order Filed on July 24, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>**Marc McDonnell,**<br><br>Debtor | Case No.: 23-16993-JKS<br><br>Adv. No.:<br><br>Hearing Date: July 24, 2025<br><br>Judge: Sherwood |

**ORDER TO SELL DEBTOR'S PROPERTY LOCATED AT 104 LELAND TRAIL, HOPATCONG, NJ 07843 FOR THE SUM OF $411,000.00 PURSUANT TO 11 U.S.C. 363 (b)**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: July 24, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor: Marc McDonnell
Case No.: 23-16993-JKS
Caption of Order: Order Allowing the Sale of Debtor's Property
_____

Upon consideration of Debtor's motion for an order allowing the sale of property, and good cause appearing therefore, it is hereby

**ORDERED** that the sale of the Debtor's property located at 104 Leland Trail, Hopatcong, NJ 07843 be held in accordance with the terms and conditions of the Agreement of Sale referenced in Debtor's motion, be and the same is hereby approved; and it is

**FURTHER ORDERED** that at the time of closing, the first mortgage lien held by MidFirst Bank will be satisfied in full pursuant to a payoff amount issued in the normal course of business and subject to objection by Debtor following the closing, and the lien will not be released until the funds are applied by the mortgagee; any tax or other liens against the property and other administrative fees shall be paid in full; and it is

**FURTHER ORDERED** that the 14-day stay provided by Bankruptcy Rule 6004(h) is hereby waived; and it is

**FURTHER ORDERED** that the closing agent use the sales proceeds to pay all resulting regular costs of sale as set forth in the Closing Disclosure, including any commissions or fees which were approved by the Court pursuant to Applications to Retain Special Counsel and/or Real Estate Salespersons; and it is

**FURTHER ORDERED** that an allowance of $2,500.00 be paid from the closing proceeds by the closing agent to Debtor's attorney as an administrative expense for the preparation of Application to Employ Special Counsel, Application to Employ Real Estate Salesperson, Motion to Allow the Sale of Property, numerous phone calls and emails between the parties, and the Court appearance approving the sale; however, in the event that the closing does not proceed or there are insufficient proceeds from the sale, said attorney fees in the amount of $2,500.00 shall be paid by the Chapter 13 Trustee to Debtor's counsel upon certification to the

**Page 3**
Debtor: Marc McDonnell
Case No.: 23-16993-JKS
Caption of Order: Order Allowing the Sale of Debtor's Property
_____

Trustee, by Debtor's counsel, that the sale is not proceeding and said fees have not been paid; and it is

**FURTHER ORDERED** that the closing agent shall remit the sum of $29,616.52, including Trustee commissions, to the Chapter 13 Trustee at the following address:

> Marie-Ann Greenberg
> Chapter 13 Standing Trustee
> P.O. Box 520
> Memphis, TN  38101-0520

to complete the Debtor's Chapter 13 plan; and it is

**FURTHER ORDERED** that any remaining sale proceeds shall be disbursed by the closing agent to the Debtor at closing; and it is

**FURTHER ORDERED** that a copy of the signed HUD Settlement Statement or Closing Statement shall be forwarded by Debtor's Special Counsel to the Chapter 13 Trustee at the following address:

> Marie-Ann Greenberg
> Chapter 13 Standing Trustee
> 30 Two Bridges Road, Suite 330
> Fairfield, NJ 07004

and Debtor's counsel, Scott E. Tanne, no later than five (5) days after closing.